# Blum, Appellant, *v.* Moran.

*Practice, C. P.—Affidavit of defense—Replevin—Contract—Assignment of goods for sale—Oral agreement—Consideration.*

In an action on a written contract for the sale of a consignment of goods, where plaintiff claims that defendant had not paid certain expenses of the sale, and had not returned the goods unsold, as required by the contract, an affidavit of defense is sufficient, which avers that plaintiff had not properly accounted to defendant for what he was entitled to receive under the contract, and that the parties had entered into an oral agreement during the sale, where-

by defendant had agreed to continue the sale in consideration of plaintiff assuming all the expenses of the sale, and not demanding a return of the goods unsold until after a complete accounting.

Argued January 17, 1921. Appeal, No. 209, Jan. T., 1921, by plaintiff, from order of C. P. No. 1, Phila. Co., June T., 1920, No. 2872, discharging rule for judgment for want of sufficient affidavit of defense, in case of Simon Blum v. William F. Moran. Before FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Replevin for goods consigned for sale.

Rule for judgment for want of sufficient affidavit of defense. Before PATTERSON, J.

The opinion of the Supreme Court states the facts.

The court discharged the rule. Plaintiff appealed.

*Error assigned* was order, quoting it.

*Julius C. Levi*, with him *Alvin L. Levi* and *David Mandel, Jr.*, for appellant.

*I. G. Gordon Forster*, with him *Abraham Wernick* and *Rowland C. Evans*, for appellee.

PER CURIAM, February 14, 1921:

Plaintiff, a New York City merchant, consigned to defendant a stock of clothing to be sold in the City of Philadelphia. At the time the goods were delivered a written contract was entered into by the parties, wherein it was provided defendant should deposit with plaintiff the sum of $5,000 to be used in payment of premiums on insurance on goods while in transit and in stock; that defendant should receive on account for his services at the end of each business day ten per cent of the day's receipts; that the price at which the goods were to be sold should be fixed by mutual agreement and at the termination of the sale a final accounting should be

made of all the moneys received and the unsold goods delivered to plaintiff; that, for the purpose of an accounting, defendant's profits should be the difference between the invoice price and the price for which the merchandise was sold to customers and that defendant should pay the rent for the building, wages of employees, advertising and all other incidental expenses necessary for the purpose of properly conducting the sale. At the expiration of the time fixed for continuance of the sale the merchandise remaining unsold was not returned to plaintiff and the writ of replevin in this case was issued. Plaintiff's statement of claim and affidavit set forth the terms of the agreement averring full compliance on his part and alleging failure on part of defendant to pay all expenses for cartage and merchandise and return to plaintiff the goods remaining after the conclusion of the sale. A bond was filed and the property delivered to plaintiff. The court below discharged a rule for judgment for want of a sufficient affidavit of defense and plaintiff appealed. The affidavit of defense avers that plaintiff's authorized agent was present throughout the sale, received all moneys paid by customers for goods, that he did not pay to defendant ten per cent of the daily receipts, nor any other sum whatever, that plaintiff failed to make a final accounting of the amount due defendant on the termination of the sale as provided for in the agreement and has not since that time made such accounting; that plaintiff has failed to account for the sum of $5,000 deposited with him as required to do under the terms of the agreement. As a further defense defendant alleges an oral agreement made during the sale whereby plaintiff agreed that in consideration of defendant's continuing the sale "he, the plaintiff, would assume and pay all the bills and expenses in connection with said sale, and relieve defendant from loss or liability therefor, and that defendant after said sale could retain possession of any unsold property until the bills and expenses were settled and adjusted, and until an account-

ing was rendered defendant by the plaintiff, and until said unsold merchandise was checked up; that thereupon the defendant agreed thereto and continued with the sale."

The facts set up in the affidavit of defense as shown above are sufficient to take the case to the jury and the court, consequently, was not in error in discharging the rule for judgment for want of a sufficient affidavit of defense.

Judgment affirmed.